UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHATEK SMITH,

                Plaintiff,

- against–

OFFICE OF COURT ADMINISTRATION,
QUEENS COUNTY DISTRICT ATTORNEY,
KINGS COUNTY DISTRICT ATTORNEY,
INDIGENT DEFENSE PANEL, 18B COUNSEL
PANEL and JOHN and JANE DOE, Officers of
the Court,

                Defendants.
------------------------------------------------------------x

**ORDER**

11 CV 954 (RJD) (LB)

DEARIE, District Judge.

      Plaintiff Shatek Smith, currently incarcerated at Orleans Correctional Facility, brings this action pro se for alleged violation of his civil rights. Although his complaint is unclear,[1] plaintiff appears to challenge numerous convictions dating back to 1988 on the ground that plaintiff did not "receive [his] court papers at [his] felony indictment arraignment[s]," which allegedly caused plaintiff to "accept pleas without knowledge of [his] exact charges." (Compl. ¶ IV.A.) Plaintiff seeks to "clean [his] rap sheet of these illegal convictions [a]nd sentences" and requests $147 million in compensatory and punitive damages. (Id. ¶ V.) Plaintiff's request to proceed in forma pauperis is granted for the limited purpose of this Court's dismissing the complaint without prejudice.

---

[1] Plaintiff mailed the complaint from the Orleans Correctional Facility on February 22, 2011, just over one month after the January 18, 2011, commencement of plaintiff's most recent sentence for weapons possession and narcotics distribution. See Inmate Information, http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130.

## Discussion

"[I]n a civil action in which a prisoner seeks redress from [an] officer or employee of a governmental entity," such as the action here, a court may dismiss the complaint or any portion of the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b). A court may dismiss an action filed in forma pauperis for the same reasons. See 28 U.S.C. § 1915(e)(2). "Such dismissals must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir.1999)). In applying these rules, the Court is mindful that "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The Court construes plaintiff's claim as one brought pursuant to 42 U.S.C. § 1983. To the extent plaintiff seeks monetary damages on account of his prior convictions, that claim fails because the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 486 (1994). Accordingly, "a prisoner, as a prerequisite to maintaining his § 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board[,] a state court or a federal court in a habeas proceeding." Jenkins v. Haubert, 179 F.3d 19, 25 (2d Cir. 1999).

Plaintiff has not alleged the required facts. Although the Court might have authority to expunge an unconstitutional arrest under exceptional circumstances, see Bilick v. Dudley, 356

F. Supp. 945 (S.D.N.Y. 1973), plaintiff may not invoke § 1983 broadly to "clean [his] rap sheet." (Id. ¶ V.) If plaintiff wishes to challenge his most recent conviction or sentence, for example, he may bring a petition under 28 U.S.C. § 2254 if and when the prerequisites are met. See Jenkins, 179 F.3d at 23 ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed."). Until then, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," removing § 1983 from plaintiff's arsenal. Heck, 512 U.S. at 487.

## Conclusion

Plaintiff's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     May 9, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge